FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT

FOR THE

Frederick S. LaPan, III
Petitioner
# 03988-082
FMC Devens, P.O. Box 879,
Ayer, Massachusetts  01432

(Full name under which you were convicted; Prison Number; Full Mailing Address).

VS.

Warden David L. Winn
Respondent(s)
FMC Devens, P.O. Box 880
Ayer, Massachusetts  01432

(Name of Warden or other authorized person having custody of Petitioner).

CIVIL ACTION NO._____

04-40095 NMG

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1. This petition concerns: (check appropriate blank)

_____ A conviction
_____ A sentence (**CAUTION**: If you are attacking a sentence imposed under a Federal Judgment, you must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the Judgment).
_____ Jail or prison conditions
_____ Prison discipline issue
_____ A parole problem
XXXX    Other. State briefly: The Petitioner is being denied halfway house placement due in large part because of his disability and inability to pay the 25% stipend.

2. Place of detention: FMC Devens, P.O. Box 879, Ayer, Massachusetts  01432

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

_____ Yes          ___XXXX___ No

3. If your answer is "yes," give the following information:

a. Name of the Court: _____ N/A _____

b. Nature of proceeding: _____ N/A _____

c. Grounds raised: _____ N/A _____

d. Result: _____ N/A _____

e. Date of result: _____ N/A _____

f. Citation or number of any written opinion or order entered pursuant to each such disposition: _____

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:
_____ N/A _____

5. Does counsel presently represent you? _____ Yes ___XXXX___ No

If so, Name address and phone number of counsel: _____
_____ N/A _____

6. Name and location of court, which imposed sentence: _____
_____ N/A _____

2

7. Indictment or case number, if known: _____ unknown _____

8. Offense or Offenses for which sentence was imposed: _____ N/A _____

9. Date upon which sentence was imposed and the term of the sentence: _____
   N/A

10. When was a finding of guilt made? (Check one)
    __XXXX__ After a plea of guilty

    _____ After a plea of not guilty

    _____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
    _____ A jury

    _____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? _____ Yes __XXXX__ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: _____ N/A _____

b. Result: _____ N/A _____

c. Date of result: _____ N/A _____

d. Citation or number of opinion: _____ N/A _____

e. Grounds raised: (List each one)
   _____ N/A _____
   _____
   _____
   _____
   _____

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

14. Summarize <u>briefly</u> the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: <u>The Petitioner was eligible for 6 months of either halfway house home confinement placement pursuant to Title 18 U.S.C.§ 3621(b) and §3614(c) but was deceived and unfairly denied placement.</u>

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not <u>conclusions,</u> in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

<u>　　　　　See: Attached memorandum of law with exhibits.　　　　　</u>

b. Ground Two:

Supporting Facts:

Ground Three:

Supporting Facts:

4

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:   N/A

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

   __XX__ Yes   _____ No

(1) If your answer to "a" above is yes, what was the result?   ___Denied___

(2) If your answer to "a" above is no, explain: _____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   __XX__ Yes   _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:
   Denied

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

   The Petitioner was eligible for six months of either halfway house/ home confinement placement pursuant to Title 18 U.S.C.§ 3621(b) and § 3614(c), but was deceived and unfairly denied placement due in large part because of the Petitioner's disability and inability to pay the halfway house stipend.

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

That this Honorable Court grant relief which is both just and fair, and that an evidentiary hearing be afforded for the greater good.

Signed on this the _____ day of _____ May _____, 200 4 .

_____
Signature of petitioner

**I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.**

**Executed on:** _____, 200____ .

_____
Signature of petitioner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


Frederick S. LaPan, III
          # 03988-082,
vs.                              Case No.

Warden David L. Winn,


MEMORANDUM IN SUPPORT OF THE PETITIONER'S TITLE 28 U.S.C.§ 2241

NOW COMES THE PETITIONER, FREDERICK S. LaPAN, III, # 03988-082, acting Pro-Se in order to request leave of this Honorable Court to include this memorandum of law and exhibits with his Title 28 U.S.C.§ 2241 action.

The Petitioner states that this petition is made in good-faith and outlines violations of the "Equal Protection Clause" and the "Americans with Disabilities Act."

WHEREFORE, for the reasons listed within, the exhibits, and the record of this institution in "blatantly denying halfway house placement," this pleading should be heard for the "greater good."

                                  Sincerely yours,

                                  *[signature]*
                                  Frederick S. LaPan, # 03988-082
                                  FMC Devens, P.O. Box 879,
                                  Ayer, Massachusetts    01432

## THE PETITIONER WAS ELIGIBLE FOR SIX MONTHS OF EITHER HALFWAY HOUSE/ HOME CONFINEMENT PLACEMENT PURSUANT TO TITLE 18 U.S.C.§ 3621(b) AND §3614(c) BUT WAS DECEIVED AND UNFAIRLY DENIED PLACEMENT

In the instant case, the Petitioner Frederick S. LaPan III, # 03988-082, a federal prisoner currently serving a " six-year sentence" at Federal Medical Center Devens had been both approved and promised by this institution that, " in the last <u>ten-percent</u> date of his current federal sentence, he would surely be placed in either a halfway house or on home-confinement.

The Petitioner's ten-percent date was February 10th, 2004, but the institution instead gave the Petitioner sixty-days ("60") of home-confinement simply because, " the Petitioner was disabled and unable to work, thus, making him a bad candidate for halfway house placement from the on-set."

In fact, several other inmates similarly situated to date have actually received more halfway house and home confinement placement from Federal Medical Center Devens. The Petitioner was being denied halfway house/ home confinement placement simply because, " he was disabled and unable to work in order to pay the 25% monthly stipend to the halfway house."

The selective <u>reasoning</u> and determination by Federal Medical Center Devens violated the "Equal Protection Clause" of the United States Constitution, and the Americans with Disability Act as well.

Moreover, Title 18 U.S.C.§ 3624(c), outlines what actual steps the Federal Bureau of Prisons is <u>required</u> to take at the end of an imprisonment term to ease a prisoner's transition back into society without regard to "disability and the ability to pay the halfway house."

One step is to insure that in the <u>last</u> ten-percent of an inmate's prison term, or maximum of (6) six months, an inmate like the Petitioner <u>should</u> be placed on either home-confinement or in a halfway house for placement. This would benefit an inmate with his or her re-integration back into society.

The United States Congress's directive as outlined in the statute namely, Title 18 U.S.C.§ 3624(c), is specific and <u>must</u> be followed by the Federal Bureau of Prisons simply because it is the law of the land as articulated in the case of <u>Monahan vs. Winn</u>, 276 F.Supp. 2d 196 (D.Mass 2003). <u>See</u>: Exhibits/ assorted letters & correspondence.

In the instant case, the Petitioner was promised through his unit-team that, "he would in fact receive and be eligible for six-months of placement in either home-confinement or halfway house placement."

The unit-team actually stated that, "both the Regional Office and the Central Office of the Bureau of Prisons initially approved my placement."

Most importantly, during the last tenpercent of the term of imprisonment, not to exceed six-months, under Title 18 U.S.C.§ 3624(c), the statute specifies:

"...(c) <u>Pre-release custody</u>

> The Bureau of Prisons <u>shall</u>, to the extent practicable, <u>assure</u> that a prisoner serving a term of imprisonment <u>spends</u> a reasonable part, not to exceed six months, of the last ten per-centum of the term to be served under the conditions which will afford the prisoner a reasonable opportunity to adjust to and prepare for a prisoner's re-entry into the community..."

The Bureau of Prisons <u>shall</u> take steps to <u>assure</u> that prisoners serve the last ten percent of their prison terms "under the conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for a prisoner's re-entry into the-

-2-

community, this is the <u>law</u> as outlined in the above statute and further articulated by the First Circuit in the case of <u>Kennedy vs. Winn</u>, Civil Action. 03-10568-MEL (D.Mass. 9/9/03).

The Petitioner has been incarcerated since October of 1998, and can assure this Honorable Court that, " the outside world has both changed and evolved since October of 1998."

Lastly, this institution has a very "disturbing policy" of making a Petitioner start their administrative remedies late in order for a litigant's action for more halfway house to be deemed "moot." The administration at Federal Medical Center Devens insures everyone about six months before their "ten-percent date" that approval will be certain for the "maximum amount of placement." The institution purposely waits until around a month before the ten-percent date, in order to tell the "perspective petitioner that he received less than his ten-percent date of placement." Sadly, by the time the Petitioner files and finishes his administrative remedies, it is several weeks past the date of placement and it is unfairly deemed as being "moot."

It is important that this case be heard for the "benefit of future litigants," and should not be deemed as "moot."

III.                              <u>CONCLUSION</u>

WHEREFORE, in the interest of justice and fundamental fairness, and most importantly, the "greater good," this petition should be heard and an evidentiary hearing should be afforded the Petitioner.

                                            Sincerely submitted,

                                            Frederick S. LaPan III

BP-S148.055 INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Counselor Premsingh | December 4, 2003 |
| FROM: | REGISTER NO.: |
| Frederick Lapan | 03988-082 |
| WORK ASSIGNMENT: | UNIT: |
| | G-Lower |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

Dear Counselor Premsingh,

I would like a BP-8½. The reasons for such is as follows:

1. I am being refused halfway house placement through Inmate "ISM" and the United States Probation Department.
2. Because of my disability and inability to work when eventually released, I am being denied halfway house placement and the alternative, home confinement.

I feel that under the statute governing my ten-percent date of release, I am entitled to either home-confinement or halfway house placement. I must file accordingly.

Thank you,

(Do not write below this line.)

DISPOSITION: Inmate Lapan - you were NOT denied halfway house/home confinement placement. As we discussed on Dec. 18, 2003, you have been approved for a home confinement placement for June 14, 2004. that is when the U.S. Probation Dept. indicated they would accept you.

Signature Staff Member: P. ~~J~~inkinson, CM      Date: 12-~~18~~-03

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)



This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Frederick S. LaPan, III
# 03988-082
FMC Devens, P.O. Box 879,
Ayer, Massachusetts   01432


ATTN: Probation Officer Dan Managan
United States Department of Probation
P.O. Box 432
Burlington, Vermont   05402-0431

Dear Mr. Managan,

      I am writing with hopes that your intervention will insure that I receive my full ten-percentum date for either halfway house or home confinement placement.

  I am disabled and currently incarcerated at FMC Devens located in Ayer, Massachusetts. My release date is August 10, 2004, and I was _promised_ (6) six-months of either halfway house placement or home-confinement.

  At my recent team, I was informed that "probation" did not want to have me on (6) six-months home-confinement, and because I am unable to work, I cannot go to a halfway house. I was told that "probation" would have to approve any more time under home-confinement. Mr. Managan, I would greatly appreciate both your intervention and a letter from you stating that "probation" has absolutely no problem with the full home-confinement amount of (6) six months. Sir, please help me with this problem, I have been incarcerated for some time, fulfilled all programs requirements and have a "clean institution record." In fact, without your help, I will be given home-confinement in late June of 2004, and will miss my daughter's graduation, I am depending on your help. I look forward to your letter and thank you in advance for your time.

January 14th, 2004                        Sincerely yours,

                                                      *Frederick S. LaPan, III*

# UNITED STATES PROBATION OFFICE
## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT



Burlington, VT 05402-0432
(402 U.S. Courthouse)
(11 Elmwood Avenue)
P.O. Box 432
(802) 652-3000/(800) 552-6933
FAX: (802) 652-3014

PHILIP K. ALBERTSON
Chief Probation Officer

Brattleboro, VT 05302-0339
(U.S. Courthouse)
(204 Main Street)
P.O. Box 339
(802) 254-0251/(800) 537-0456
FAX: (802) 254-0268

Reply to:  Burlington

January 21, 2004



Frederick Lapan, Reg. No. 03988-082
P.O. Box 879
Ayer, MA 01432

Dear Mr. Lapan:

I am in receipt of your letter dated January 14, 2004. Please be advised that it is not the probation office that determines your eligibility for placement on home confinement, but the Bureau of Prisons (BOP). BOP notified this office in August 2003 that they were seeking a one to two month placement prior to your maximum expiration date. After investigating your proposed placement, our office approved the plan in November 2003.

I am aware that your daughter is graduating this year and that you would like to attend the ceremony on June 12, 2004. As it is right now, your transfer to home confinement is set for June 14, 2004. I will contact the BOP to see if we can move up your transfer date a few days so that you may attend her graduation. If you are still seeking a six month placement, I would suggest that you discuss this matter with your case manager.

I hope this letter clarifies any misunderstanding. If you have any other questions or concerns, please feel free to contact me.

Sincerely,

Daniel J. Mangan
U.S. Probation Officer

DJM/djm

Frederick S. LaPan, III, # 03988-082
FMC Devens, P.O. Box 879,
Ayer, Massachusetts          01432


ATTN: Daniel J. Mangan
United States Probation Office
for the District of Vermont
11 Elmwood Avenue, P.O. Box 432
Burlington, Vermont     05402-0432


Dear Mangan,
    I am writing with hopes that you can help me one last time which would be greatly appreciated. Today, I spoke with my Case-manager Patti Jenkinson about the possibility of increasing my home-confinement time from a little more than one-month to the maximum allowable under the pertaining statutes.
  Ms. Jenkinson informed me that, " if the U.S. Probation contacted Mr. David Dwyer at the 'community corrections center' about my situation, then I would surely receive more home-confinement time."
  Mr. Mangan, I am hoping that your immediate intervention in calling Mr. Dwyer would result in me being able to attend my daughter's graduation ceremony. Sir, I thank you for both your time and earnest attention in writing the first letter, but one more action by your office will resolve my problem.
  I look forward to your reply and again, I sincerely thank you for both your time and attention in this very important matter.

February 20th, 2004          Respectfully yours,


                        Frederick S. LaPan, III

# UNITED STATES PROBATION OFFICE
UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

**Burlington, VT 05402-0432**
(402 U.S. Courthouse)
(11 Elmwood Avenue)
P.O. Box 432
(802) 652-3000/(800) 552-6933
FAX: (802) 652-3014

**PHILIP K. ALBERTSON**
Chief Probation Officer

**Brattleboro, VT 05302-0339**
(U.S. Courthouse)
(204 Main Street)
P.O. Box 339
(802) 254-0251/(800) 537-0456
FAX: (802) 254-0268

Reply to:  Burlington



March 3, 2004

Frederick Lapan
Register Number 03988-082
P.O. Box 879
Ayer, MA 01432

Dear Mr. Lapan:

I have received a response back from the Bureau of Prisons Community Corrections Office in Boston, MA regarding my inquiry for an earlier transfer date to home confinement. Please be advised that the Bureau of Prisons would not approve a date in April or May, as I had proposed, but did approve an earlier date in June so that you may attend your daughter's graduation. Your transfer date to home confinement is now scheduled for June 10, 2004.

Very truly yours,

Daniel J. Mangan
U.S. Probation Officer

DJM/djm

cc: Patty Jenkinson
    Case Manger

DEV 1330.13B
April 20, 2001
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Lapan, Frederick   REG. NO.: 03988-082   UNIT: G-Unit

DATE BP-9 REQUESTED: 12/09/2003

DATE BP-9 ISSUED : 12/09/2003

DATE BP-9 RETURNED : _____

INMATE'S COMPLAINT:

See Attachment

RELIEF REQUESTED: Inmate Lapan is requesting that his halfway house placement be given to him at an early date.
ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:
Inmate Lapan as discussed on December 6 with your case manger, you are approved for home confinement on June 14 2004, that is when Probation Department indicated they will accept you.

CORRECTIONAL COUNSELOR: D. Premsingh   DATE: 12-09-2003

UNIT MANAGER'S COMMENTS/ASSISTANCE: As it was previously explained to Mr. Lapan. The Unit Team put you in for a full placement at a CCC reflective of your 10% date. The CCM's Office and the USPO's office provided the date for you pending their acceptance of your referral.

UNIT MANAGER: _____   DATE: 12/15/03

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | LaPan, Frederick, III | 03988-082 | G/A | FMC Devens |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

### Part A- INMATE REQUEST

I am appealing the unit-team's hasty position that I be afforded home-confinement in June of 2004. First, I am unfairly being deprived my ten-percent date which would be in February of 2004, simply because I am disabled. Second, all inmates referred to Community Corrections are eligible to be considered for home confinement placement. See: P.S. 7320.01 at page three, ¶6.

Third, pursuant to the law as outlined in Title 18 U.S.C. § 3624(c), if I meet the criteria, I am entitled to ten-percent or in my case six-months of either home-confinement or halfway house. I feel that the unit-team's decision in offering less than six-months is both discriminatory and a violation of the law outlined above.

Lastly, I am simply being denied halfway house placement of six-months because I am disabled and unable to work, the unit-team can still send me and the required stipend would be taken-out of my social security disability payments without a problem for the halfway house, I see no problem in this arrangement. I would appreciate your earnest attention in this matter.

Thank you,

12/10/03                                   Frederick A LaPan III
DATE                                       SIGNATURE OF REQUESTER

### Part B- RESPONSE

_____                         _____
DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

                                            CASE NUMBER: _____

### Part C- RECEIPT

Return to: _____      _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL  REG. NO.    UNIT     INSTITUTION

SUBJECT: _____

_____                         RECIPIENT'S SIGNATURE (STAFF MEMBER)
DATE                                                                    BP-229(13)
USP LVN                                                                 APRIL 1982

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #320710-F1**

This is in response to your Request for Administrative Remedy, received on December 19, 2003, in which you request a full six months halfway house and/or home confinement placement.

An investigation into your complaint revealed that you were referred to the Boston Community Corrections Center by your Unit Team for a Community Corrections Center placement of no earlier than February 10, 2004, on July 16, 2003.

A review of Federal Bureau of Prisons policy relevant to this request revealed the following: Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, Section 5, and Program Statement 7320.01, Home Confinement, Section 1, paragraph c., both state: 18 U.S.C. § 3624(c), provides: "The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community." Except for inmates who are initially sentenced to and graduate from the Intensive Confinement Center Program, Section 3624(c) does limit the length of Home Confinement to the last 10% of the sentence, or six months, whichever is less.

In reviewing your referral packet, both the Boston Community Corrections Manager and the United States Probation Office agreed, since you have a release residence and are unable to work due to your disability, that you did not meet the criteria for a Community Corrections Center placement and were more appropriate for Home Confinement. The earliest date that the United States Probation Office would accept you into their Home Confinement Program, was June 14, 2004. In addition, neither of the Program Statements guarantee you a determinate time to be spent either in a halfway house or on Home Confinement, they only establish the time frame in which you become eligible for placement.

Accordingly, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs - 7th floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of this response.

David L. Winn, Warden                                          Date 1/12/4

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __LaPan, Frederick, III__   __03988-082__   __G/A__   __FMC Devens__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing both this institution's (FMC Devens), and the unit-team's decision in depriving me of the maximum half-way house or home-confinement placement. First, I have served over a sixty-month sentence with no problems and I am eligible for the full six months of placement which would be 10 per centum of my current sentence. I am being deprived the full-time for adjustment due to my **disability**. Second, as outlined in Title 18 U.S.C.§ 3624(c), if I meet the criteria, I am entitled to serve the last 10 percent of my sentence in either halfway house or home-confinement. Third, to date, my family has spoken to U.S. Probation Officer Dan Managan of the District of Vermont, who will be responsible for me. This Probation Officer stated, "that he had absolutely no problem with allowing me to have six-months of home-confinement." I am currently awaiting a letter to confirm these facts. Fourthly, the statement that the "earliest date that the U.S. Probation Office would accept ("me") into their home-confinement program, was June 14, 2004," is not true, and P.O. Managan's letter will prove that. Lastly, this very judicial circuit has already ruled in my favor in the case of **Monahan vs. Winn, 276 F.Supp.2d 196 (D.Mass 2003)**, and I should fare no less.

__1/15/04__   _Frederick J. LaPan III_
DATE   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: __320710-R1__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   __Dev__
                                                              INSTITUTION

SUBJECT: _____

BP-230(13)