UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FREDERICK S. LAPAN, III** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04-40095-FDS |
| **DAVID L. WINN,** ) | |
| Respondent. ) | |

**ORDER**

**SAYLOR, J.**

On May 27, 2004, petitioner Frederick S. Lapan, III filed an action *pro se* requesting relief in the form of a writ of habeas corpus under 28 U.S.C. § 2241. Lapan contends that he was denied halfway house placement during the last 10% of his sentence in violation of the Equal Protection Clause of the United States Constitution and the Americans with Disabilities Act. In particular, Lapan requests "[t]hat this Honorable Court grant relief which is both just and fair, and that an evidentiary hearing be afforded for the greater good."

On July 19, 2004, the government filed a motion to dismiss Lapan's petition on the grounds that, on June 10, 2004, Lapan was transferred to a Community Confinement Center and then immediately placed in home confinement. The government contends that Lapan's petition, therefore, should be dismissed as moot.

This Court has no authority to decide "questions that cannot affect the right of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Indeed, while this Court appreciates the petitioner's concern for "future litigants," in order to be cognizable in

federal court, "a suit must be . . . a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations and citation omitted). Accordingly, the government's motion to dismiss (Docket No. 7) is GRANTED and Lapan's request for habeas relief under 28 U.S.C. § 2241 (Docket No. 1) is DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor
United States District Judge

Dated: August 5, 2004